KARABIN, APPELLANT, *v.* STATE AUTOMOBILE MUTUAL
INSURANCE COMPANY, APPELLEE.

[Cite as Karabin *v.* State Automobile Mut. Ins. Co.
(1984), 10 Ohio St. 3d 163.]

(No. 83-1258—Decided April 25, 1984.)

*Komito, Nurenberg, Plevin, Jacobson, Heller & McCarthy Co., L.P.A.,* and *Ms. Anne L. Kilbane,* for appellant.

*Messrs. Gallagher, Sharp, Fulton & Norman* and *Mr. Burt Fulton,* for appellee.

WILLIAM B. BROWN, J. The issue presented by this case is whether a provision in an insurance contract which purports to limit the amount of uninsured motorist and medical payments coverage when more than one insurance policy covers the insured is valid under R.C. 3937.18. Because of the recent expression of legislative policy on the subject this court concludes that such a provision is now valid.

R.C. 3937.18(A), as effective on the date of Karabin's accident, provided:

"No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless an equivalent amount of coverage for bodily injury or death is provided therein or supplemental thereto * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury * * * resulting therefrom."

In *Curran* v. *State Automobile Mut. Ins. Co.* (1971), 25 Ohio St. 2d 33, 38 [54 O.O.2d 166], this court held the purpose of this statute to be that "* * * coverage be provided to persons injured through the acts of uninsured motorists." R.C. 3937.18(A) was to be construed liberally in order to effectuate that purpose and it was determined that to permit an "other insurance" clause to be enforced would thwart the legislative intent. That decision was followed in subsequent cases. *Bartlett* v. *Nationwide Mut. Ins. Co.* (1973), 33 Ohio St. 2d 50 [62 O.O.2d 406]; *Grange Mut. Cas. Co.* v. *Volkmann* (1978), 54 Ohio St. 2d 58 [8 O.O.3d 70].

Karabin contends that this interpretation remains valid and applicable since there has been no substantial modification of division (A) and that State Auto is stripping him of his benefits contrary to the statutory requirements. Such an assertion is untenable in light of the June 25, 1980 amendment of R.C. 3937.18 which added division (E), as follows:

"Any automobile liability or motor vehicle liability policy of insurance that includes uninsured motorist coverage may include terms and conditions that preclude stacking of uninsured motor vehicle coverages."[1]

The importance of the change wrought by the addition of division (E) was recognized by this court in *Ady* v. *West American Ins. Co.* (1982), 69 Ohio St. 2d 593 [23 O.O.3d 495]. Justice Holmes, dissenting, observed at 606-607 that R.C. 3937.18(E) legislatively abrogated the prior holding in *Volkmann.* Justice Clifford F. Brown's concurring opinion stated, " '[a]ny contractual restriction or exclusionary clause on the uninsured motorist coverage mandated by R.C. 3937.18, *except as authorized in division (E),* is * * * invalid.' " (Emphasis added.) *Id.* at 600. Chief Justice Celebrezze's majority opinion remarked that any restriction on full coverage should arise from the legislature and noted the amendment adding division (E). *Id.* at 596-597. It is clear to this court that approval for anti-stacking restrictions in uninsured motorist coverage has indeed emanated from the General Assembly. In view of such a statutory change, Karabin's reliance on pre-amendment authority for his interpretation of R.C. 3937.18 is misplaced.

Karabin further contends that division (E) in no way alters the requirements of R.C. 3937.18(A) because there is no indication of a legislative intention to abrogate the judicial interpretation of division (A). This contention is rebutted by the very language of the statute which demonstrates the General Assembly's intention to alter the requirements governing stacking of uninsured motorist coverage. Additionally, R.C. 1.47(B) states that an entire statute is intended to be effective. When read together, it is apparent that divisions (A) and (E) complement rather than conflict with each other. Division (A) sets forth the general policy guaranteeing that an insured will be afforded the opportunity to purchase uninsured motorist coverage in an amount up to his liability limits. Division (E) provides a specific modification, permitting insurers to confine their liability to the limits of a single policy.

---

[1] R.C. 3937.18 has subsequently been reamended effective June 23, 1982. What was identified as division (E) for purposes of this case is now division (G).

Additionally, Karabin alleges that R.C. 3937.18(E) is ambiguous, lacking a definition of stacking, and should thus be construed strictly in favor of the insured. Karabin's assertion that the term "stacking" applies only to intra-policy integration is without merit. This court has previously stated:

"The Legislature is presumed to know the decisions of this court, and, where it uses words or phrases that have been defined or construed by this court, it is presumed to have used them in the sense that they have been so defined or construed * * *." *Tax Comm. of Ohio* v. *Security Savings Bank & Trust Co.* (1927), 117 Ohio St. 443, 450.

In the past, this court has used the term "stacking" to mean the lumping or adding together of payments, or the aggregation of coverage. *Grange Mut. Cas. Co.* v. *Volkmann, supra.* Clearly, the term "stacking" has been sufficiently defined to include within its meaning the pyramiding of coverage limits and policies issued by the same company.

Therefore, it is apparent to this court that the unambiguous language of former R.C. 3937.18(E) permits insurance carriers to include provisions in automobile insurance contracts which preclude stacking of uninsured motorist coverage.

In the present case, both policies issued by State Auto to Karabin contain General Provision No. 7. This clause reads as follows:

"TWO OR MORE AUTO POLICIES

"If this policy and any other auto insurance policy issued to you by us apply to the same accident, the maximum limit of our liability under all the policies shall not exceed the highest applicable limit of liability under any one policy."

This provision is unambiguous. There is no argument with the fact that it was also clear and conspicuous in the policy. This provision is thus valid and enforceable and Karabin's recovery under his insurance contracts is thereby limited.

Karabin also contends that he is entitled to "stack" his medical payments coverage under the two policies. This assertion rests upon an entirely different ground than the uninsured motorist coverage since there is no public policy in Ohio prohibiting limitation of medical payments coverage. Unlike R.C. 3937.18 which, before amendment, invalidated anti-stacking provisions in insurance contracts, medical payments coverage is neither mandated nor governed by statute. It is thus simply a matter of contract between the insurer and insured.

Karabin asserts that the policies presently under consideration are ambiguous since they promise coverage at one point and limit that coverage at another. This court finds no such ambiguity. General Provision No. 7 modifies the entire insurance contract, including the medical payments coverage. Under Karabin's argument this clause would have to be repeated many times throughout the policy. The format adopted by State Auto saves needless repetition which could give rise to the complaint that the policy is inordinately lengthy and difficult to comprehend. When the language of an in-

surance policy has a plain and ordinary meaning, it is unnecessary and impermissible for this court to resort to construction of that language. *Travelers Indemnity Co.* v. *Reddick* (1974), 37 Ohio St. 2d 119, 121 [66 O.O.2d 259].

The law in this regard has long remained unchanged:

"The meaning of a contract is to be gathered from a consideration of all its parts, and no provision is to be wholly disregarded as inconsistent with other provisions unless no other reasonable construction is possible.

"A special provision will be held to override a general provision only where the two cannot stand together. If reasonable effect can be given to both, each is to be retained." *German Fire Ins. Co.* v. *Roost* (1897), 55 Ohio St. 581, paragraphs one and two of the syllabus.

This court finds no conflict in the insurance policy since the scope of coverage is clearly spelled out in the medical payments section and General Provision No. 7. These provisions are clear and conspicuous and in no way deceptive. Therefore, Karabin is bound by the terms of his insurance contract.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, GREY, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

GREY, J., of the Fourth Appellate District, sitting for LOCHER, J.