LOWTHER et al., Appellants,

v.

NATIONWIDE INSURANCE COMPANY, Appellee.

[Cite as *Lowther v. Nationwide Ins. Co.* (1990), 64 Ohio App.3d 750.]

Court of Appeals of Ohio,
Summit County.

No. 14205.

Decided Jan. 24, 1990.

*William T. Whitaker* and *Richard E. McCune*, for appellants.

*Gary L. Himmel*, for appellee.

CACIOPPO, Presiding Judge.

James Lowther was injured in a motorcycle accident. The operator of the automobile involved in the accident did not have sufficient insurance to cover Lowther's medical expenses. Lowther filed a claim with his own insurance company, Nationwide Insurance Company, pursuant to the underinsured motorist provision of his insurance policy.

At the time the accident occurred, Lowther had more than one Nationwide policy in effect, which insured several vehicles. Lowther sought to recover his uncompensated damages under a stacking theory which would result in the summing of Lowther's aggregate policy limits. Nationwide rejected the stacking theory.

Lowther filed a complaint for declaratory judgment seeking a determination of the respective parties' rights under the insurance policy. The trial court found that the insurance policy included clear and unambiguous language against stacking of underinsured motorist coverage. The trial court granted summary judgment against Lowther.

Lowther appeals.

## ASSIGNMENT OF ERROR

"The trial court erred in granting appellee's motion for summary judgment since the appellant's underinsured motorist coverage did not clearly, conspicuously and unambiguously notify the appellant that he was prohibited from stacking the coverages on four separate vehicles to recover the aggregate sum of his coverages."

Lowther contends that the underinsured and the uninsured provisions of the insurance policies are separate and distinct so that the anti-stacking

language within the uninsured motorist provisions does not preclude stacking of the aggregate policy limits of the underinsured motorist provisions. Lowther's contention is based upon the assertion that the underinsured language did not include clear and conspicuous terms that indicate the uninsured motorist provisions are incorporated into the underinsured provisions.

This court finds, as did the trial court, that for purposes of Lowther's insurance coverage, an uninsured motor vehicle includes an underinsured motor vehicle. Because an underinsured motor vehicle is included within the definition of an "uninsured motor vehicle," it is clear and unambiguous that an underinsured motorist claim will be considered pursuant to the uninsured motorist provisions. See *Karabin v. State Auto. Mut. Ins. Co.* (1984), 10 Ohio St.3d 163, 10 OBR 497, 462 N.E.2d 403. Nationwide's choice of policy format does not distort the plain and ordinary meaning of the policy language. Therefore, it is not necessary for this court to construe that language. *Id.* at 167, 10 OBR at 499–500, 462 N.E.2d at 406–407. Although Nationwide chose to include underinsured motorist coverage through an endorsement which supplemented uninsured motorist coverage, the endorsement language is clear and conspicuous within the policy. See *Dues v. Hodge* (1988), 36 Ohio St.3d 46, 521 N.E.2d 789, citing *Karabin v. State Auto. Mut. Ins. Co., supra.*

The assignment of error is overruled.

*Judgment affirmed.*

QUILLIN and MITROVICH, JJ., concur.

PAUL H. MITROVICH, J., of the Lake County Common Pleas Court, sitting by assignment.