**Erie Insurance Group**
**v.**
**Petrovski**
*[Cite as 5 AOA 84]*

*Case No. CA-8048*
*Stark County, (5th)*
*Decided July 16, 1990*

*David B. Spalding, 950 South Sawburg, Alliance, Ohio 44601, for Plaintiff-Appellant.*

*Ralph F. Dublikar, 205 Mellett Building, Canton, Ohio, 44702, for Defendant-Appellee, Kosta Petrovski.*

*Thomas R. Himmelspach, 500 Mellett Building, Canton, Ohio 44702, for Defendant-Appellee, Westfield Ins. and David Samuels.*

HOFFMAN, J.

In this appeal from a summary judgment, Erie Insurance Group is plaintiff-appellant and Kosta Petrovski, et al are defendants-appellees. Appellee Petrovski's statement of the facts is concise and accurate. It reads as follows:

"One David Samuels brought his 1987 Nissan pickup to Petrovski, operator of a Tuff-Kote Dinol Rustproofing franchise, for a periodic inspection in accord with the rustproofing agreement. As he was moving the Samuels vehicle from the parking lot into the garage for service, Petrovski was involved in an accident with Agnes Gremmelspacher. Ms. Gremmelspacher filed an action seeking recovery for personal injuries alleged sustained. Stark Common Pleas No. 89-008."

Erie Insurance Group filed the present action for declaratory Judgment seeking a judicial determination of whether the incident was within the coverage provided by an automobile insurance policy it (Erie) issued to Petrovski. Westfield National Insurance Company, as insurer of the Samuels vehicle, joined the action and sought a determination of whether its policy provided coverage.

Upon motions for summary judgment filed by each of the three parties, Erie Insurance Group, Westfield National Insurance, and Petrovski, the Stark County Court of Common Pleas ruled that the policy of Westfield National Insurance did not provide coverage. It further held that the insurance policy issued by Erie Insurance Group did provide coverage for the incident. A copy of the court's judgment entry, filed November 9, 1989, is attached to our Memorandum-Opinion and made a part thereof.

Erie Insurance has timely appealed and raises the following two assignments of error:

"I. THE TRIAL COURT ERRED IN ITS CONSTRUCTION OF THE EXCLUSION CONTAINED IN ERIE'S POLICY BY FAILING TO CONSIDER THE INTENTIONS OF THE CONTRACTING PARTIES, THE RELEVANT FACTUAL CIRCUMSTANCES SURROUNDING THE MAKING OF THE INSURANCE CONTRACT, THE NATURE OF THE RISKS ASSUMED BY THE INSURER, AND THE PURPOSE OF THE INSURANCE POLICY.

"II. THE TRIAL COURT ERRED BY ITS FAILURE TO DISTINGUISH THE EXCLUSION CONTAINED IN THE POLICY ISSUED BY THE ERIE INSURANCE GROUP TO KOSTA PETROVSKI FROM THE POLICY EXCLUSION AT ISSUE IN THE CASE OF *TROLIO v. MCLENDON*".

I & II

As appellee discusses the two assignments of error jointly, we do likewise. The pertinent section of the auto insurance policy issued by Erie to appellee reads as follows:

*"LIABILITY PROTECTION*
"OUR PROMISE
"We will pay for damages for which you are legally responsible. These damages must be caused by an accident covered by this policy. The accident must arise under the ownership, maintenance, use, loading or unloading of an auto we insure.
"LIMITATIONS ON OUR DUTY TO PAY
"What We Do Not Cover - Exclusions

*"We do not cover:*
"***

"(6) a non owned auto while used in:
"(a) An auto business, or
"(b) Any other business or occupation of anyone we protect. (Exclusion (6)(b) does not apply to a private passenger auto or trailer.)" (Emphasis added.)

It is axiomatic and settled that the court will not "resort" to construction of language when it (the language) is clear and unambiguous. *Karabin v. State Automobile Mutual Ins. Co.* (1984), 10 Ohio St. 3d 163, 166-67. As the trial court did, we apply the above rule to the instant situation. The vehicle in question was an *object* of Petrovski's business; it clearly was not an "incident or tool" thereof, i.e., a delivery truck or courtesy car. *Trolio v. McLendon* (1967), 9 Ohio St. 2d 103 applies directly herein. In *Trolio,* the Ohio Supreme Court held:

"An automobile in the custody of a repairman who drives it for the purpose of testing the repairs which have been made to it is not thereby 'used in the automobile business' within the meaning of that phrase as contained in the liability insurance policy covering the vehicle, which policy defines 'automobile business' as the 'business of selling, repairing, servicing, storing or parking of automobiles' but does not define the meaning of the phrase, 'used in.'" Syllabus.

Upon the authority of *Trolio,* as well as our threshold determination that the subject policy is not ambiguous on its face, we hold the trial court ruled correctly. The exclusion does not preclude coverage for Petrovski's use of the Samuels vehicle.

Both of appellant's assignments of error are overruled, and the judgment of the Court of Common Pleas of Stark County is affirmed.

PUTMAN, P.J., and SMART, J. concur.