**DUDASH et al., Appellants,**

**v.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee.**

[Cite as *Dudash v. State Farm Mut. Auto. Ins. Co.* (1994), 96 Ohio App.3d 348.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 66773.

Decided Aug. 8, 1994.

*Mark L. Wakefield,* for appellants.
*Henry Hentemann,* for appellee.

---

*Per Curiam.*

Plaintiffs-appellants Karen and Donna Dudash are sisters and emancipated adults. They brought this declaratory judgment action against their common automobile liability insurance carrier, State Farm Mutual Automobile Insurance Company ("State Farm"), under the uninsured/underinsured portions of their policies for damages resulting from the negligently caused death of their father, Alan Dudash.

The relevant undisputed facts follow. On March 24, 1992, appellants' father was struck and killed while he was walking by a car being driven by Polly Richards. Richards was insured under an automobile policy issued by Auto–Owners Insurance. The policy provided Richards with $50,000 in liability coverage per single occurrence.

On October 22, 1992, the Cuyahoga County Probate Court authorized the executor of the estate of Alan Dudash, Dorthea Dudash, decedent's widow and appellants' mother, to accept the sum of $50,000 from Auto–Owners Insurance in full settlement and discharge of all claims which the executor or any next of kin of Alan Dudash may assert against Richards or Auto–Owners Insurance arising out of the March 24, 1992 accident. The probate court ordered that the proceeds of the $50,000 settlement be distributed to Dorthea Dudash.[1]

---

1. The journal entry of the probate court states, in pertinent part, as follows:

    "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that attorney fees be paid to Sindell, Lowe & Guidubaldi in the amount of * * * ($16,666.67). * * * Such fees to be paid out of the settlement.

Thereafter, appellants, who received no part of the $50,000 settlement, sought to recover $50,000 from State Farm under the uninsured/underinsured motorist coverage provision of their respective policies for the wrongful death of their father.[2] Appellants' father was not a named insured under either of their policies, and he did not reside in the same household with either of the appellants so as to qualify as an insured by definition under the policies. Neither appellants nor their automobiles were involved in any way in the accident in which their father was killed. For these reasons, State Farm refused appellants' claims for underinsured motorist coverage.

On August 16, 1993, appellants filed a motion for summary judgment, arguing that the plain language of their policies compels a finding of underinsured motorist coverage in this case. More specifically, appellants argued that the policy language is broad enough to afford uninsured/underinsured motorist coverage in wrongful death actions accruing to an insured because of the death of a third party.

Additionally, appellants argued that R.C. 3937.18, the statute which sets forth the minimum requirements for uninsured/underinsured motorist coverage in this state, entitles them to underinsured motorist coverage regardless of whether their father was a named insured under their policies, as R.C. 3937.18 prohibits insurance companies from contractually limiting underinsured motorist coverage insurance to bodily injuries sustained by an insured.

State Farm filed a brief in opposition and a cross-motion for summary judgment on November 15, 1993, arguing that Mr. Dudash was not an insured within the meaning and contemplation of appellants' respective policies and that the policy provisions in question restrict coverage to those situations where bodily injury is sustained by an insured. State Farm further argued that such a restriction limiting coverage to bodily injuries sustained by an insured is congruous with the requirements of R.C. 3937.18.

The Cuyahoga County Court of Common Pleas denied appellants' motion for summary judgment and granted State Farm's cross-motion for summary judg-

---

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the distribution of the remaining * * * ($31,160.10) [be] to the surviving spouse and children in the equitable shares shown below, fixed by the Court having due regard for the age and condition of each beneficiary, and for the pecuniary injury to each resulting from decedent's death:

"Dorthea Dudash          $31,160.10

"Donna Dudash            –0–

"Karen Dudash            –0–"

2. Appellants' policies provided underinsured motorist coverage in the amount of $50,000 per person and $100,000 per occurrence.

ment without opinion. Appellants appeal this judgment assigning as error the following:

"The trial court erred to the prejudice of the plaintiffs-appellants in granting the defendant-appellee's motion for summary judgment by holding that plaintiffs-appellants had no right to underinsured benefits under their own automobile insurance policy for the wrongful death of their father, who was not a named insured under the policy and not a member of plaintiffs-appellants' household."

Appellants set forth the following alternative arguments supporting a finding of underinsured motorist coverage in the case *sub judice:* first, that the policy language is broad enough to afford underinsured motorist coverage in wrongful death actions accruing to an insured because of the death of a third party and, alternatively, that R.C. 3937.18 entitles them to underinsured motorist coverage regardless of whether their father was a named insured under their policies, as R.C. 3937.18 prohibits insurance companies from contractually limiting underinsured motorist coverage insurance to bodily injuries sustained by an insured.

Starting with the former, the uninsured/underinsured motorist coverage contained in appellants' policies provides:

"Section III—Uninsured Motor Vehicle—Coverage U

" * * * *We will pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle.* The *bodily injury* must be caused by accident arising out of the operation, maintenance or use of an uninsured motor vehicle." (Emphasis added.)

The term "bodily injury" is defined in the policy as follows:

"*Bodily Injury*—Means bodily injury to a *person* and sickness, disease or *death* which results from it." (Emphasis added.)

When called upon to examine a contract of insurance, we apply longstanding rules of construction and interpretation applicable to contracts generally. *Tomlinson v. Skolnick* (1989), 44 Ohio St.3d 11, 540 N.E.2d 716. Under these rules, the intent of the contracting parties is to be gathered from the plain language of the policy and not the unexpressed intentions of the parties. When the words used in the policy have a plain and ordinary meaning, it is unnecessary to resort to construction of that language. *Karabin v. State Auto. Mut. Ins. Co.* (1984), 10 Ohio St.3d 163, 166–167, 10 OBR 497, 499–500, 462 N.E.2d 403, 406–407.

Applying these rules to the policy language at issue in this case, it is apparent that the policy does not require that the bodily injury be sustained by an insured. On the contrary, the bodily injury may be sustained by any person so long as it arises out of the operation, maintenance or use of an uninsured/underinsured motor vehicle. Nor is there any requirement in the policy that the insured or the

covered automobile actually be involved in the accident. The policy merely requires that an insured be *legally* entitled to collect damages from an uninsured/underinsured motorist for bodily injuries sustained by some third person in the accident. In this regard, the Ohio Supreme Court held in *Sexton v. State Farm Mut. Ins. Co.* (1982), 69 Ohio St.2d 431, 23 O.O.3d 385, 433 N.E.2d 555, that if a person is among those listed in R.C. 2125.02(A), *i.e.*, one who is "rebuttably presumed to have suffered damages by reason of [a] wrongful death," that person is *legally* entitled to recover under the uninsured/underinsured motorists coverage provision in his policy.[3] The only other limitation on coverage contained in the policy is that "the bodily injury must be caused by an accident arising out of the operation, maintenance or use of an [underinsured] motor vehicle." It is not disputed by the parties that this requirement was met in this case.

In light of the foregoing, we find that under the plain language of the policies, appellants are legally entitled to collect damages for the wrongful death of their father, Alan Dudash. See *Lynch v. State Farm Mut. Auto. Ins. Co.* (Mar. 21, 1994), Butler App. No. CA93–06–099, unreported, 1994 WL 93163.

Appellants also argue that R.C. 3937.18 requires recovery even where the insured is not the injured party, so long as the insured (in this case appellants) has a cause of action for wrongful death against an uninsured/underinsured motorist. According to appellants, the State Farm policy, if construed to restrict recovery to situations where an insured sustains bodily injury, is narrower in its coverage than is permitted by R.C. 3937.18 and, therefore, unenforceable as a matter of law.[4] See *Sexton, surpa; State Farm Auto. Ins. Co. v. Alexander* (1992), 62 Ohio St.3d 397, 583 N.E.2d 309.

Inasmuch as we have held that the language in the policies in question was broad enough to extend to such facts as are before us, we need not determine whether, if the policies restricted recovery to bodily injuries sustained by an

---

**3.** R.C. 2125.02 provides, in pertinent part, as follows:

"(A)(1) * * * [A]n action for wrongful death shall be brought in the name of the personal representative of the decedent for the exclusive benefit of the surviving spouse, *the children,* and the parents of the decedent, all of *whom are rebuttably presumed to have suffered damages by reason of the wrongful death * * *."* (Emphasis added.)

**4.** R.C. 3937.18 provides, in pertinent part, as follows:

"(A) No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless an equivalent amount of coverage for bodily injury or death is provided therein or supplemental thereto under provisions approved by the superintendent of insurance, *for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom."* (Emphasis added.)

insured, it would be in violation of the requirements of R.C. 3937.18. See *Peace v. Prudential Property & Cas. Ins. Co.* (1993), 68 Ohio St.3d 106, 623 N.E.2d 1194; *Lynch v. State Farm Mut. Auto. Ins. Co., supra;* and *Smith v. State Farm Mut. Auto. Ins. Co.* (June 30, 1992), Franklin App. No. 91AP–1467, unreported, 1992 WL 158425.

Thus, for the foregoing reasons, the judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

NAHRA, C.J., SPELLACY and NUGENT, JJ., concur.