OPINION
On April 9, 1996, appellant, Evelyn McGeorge, was struck by a vehicle while she was walking across the street. Driver of the vehicle was Amanda Riese. The vehicle was owned by Ms. Riese's father, John Riese, and was covered under an insurance policy issued by appellee, Motorist Mutual Insurance Company. The policy provided liability coverage in the amount of $100,000 per person, $300,000 per accident.
On January 2, 1997, appellant filed a complaint against appellee and Ms. Riese seeking an amount in excess of $300,000. On March 28, 1997, appellee filed a motion for summary judgment. By judgment entry filed July 11, 1997, the trial court granted said motion, finding the maximum coverage available to be $100,000.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED IN NOT FINDING AS A MATTER OF LAW THAT THE CAR OWNED BY JOHN RIESE WAS NOT A "NON-OWNED AUTOMOBILE", AS THAT TERM IS DEFINED IN JOHN RIESE'S MOTORIST MUTUAL LIABILITY INSURANCE POLICY.
II
 THE TRIAL COURT ERRED IN NOT FINDING AS A MATTER OF LAW THAT AMANDA RIESE WAS ENTITLED TO NON-OWNED VEHICLE COVERAGE UNDER HER FATHER'S MOTORIST MUTUAL LIABILITY INSURANCE POLICY AND THAT PLAINTIFF-APPELLANT, EVELYN McGEORGE, WAS ENTITLED TO APPLY THAT COVERAGE IN EXCESS OVER THE PRIMARY LIABILITY POLICY.
III
 THE TRIAL COURT ERRED IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT BECAUSE THE LANGUAGE IN THE "ANTI-STACKING" PROVISION OF JOHN RIESE'S MOTORIST MUTUAL INSURANCE POLICY IS AMBIGUOUS AND SHOULD BE CONSTRUED STRICTLY AGAINST THE INSURER AND LIBERALLY IN FAVOR OF THE INSURED.
 I, II
Appellant claims the trial court erred in finding the vehicle Ms. Riese was driving was not a non-owned vehicle under the policy and therefore excluded from liability coverage through the non-owned vehicle provision of the policy. We disagree.
Ohio law dictates unambiguous language in an insurance policy is to be given its plain and ordinary meaning. Karabin v. StateAuto. Mut. Ins. Co. (1984), 10 Ohio St.3d 163. The policy subjudice defines "covered auto" in the Definitions section as "any vehicle shown in the declarations." It is undisputed the vehicle driven by Ms. Riese was owned by her father, the named insured, and was specifically listed on the declarations page.
The policy defines "non-owned auto" in the Coverage for Damage to Your Auto Section as follows:
 1. Any private passenger auto, pickup, van or trailer not owned by or furnished or available for the regular use of you or any family member while in the custody of or being operated by you or any family member; or
 2. Any auto or trailer you do not own while used as a temporary substitute for your covered auto which is out of normal use * * *.
Appellant argues this definition should not apply because it falls under an entirely separate section from the liability policy. We disagree and find an insurance policy must be construed as a whole therefore, the meaning of certain provisions must be derived from the overall policy. King v. Nationwide Ins.Co. (1988), 35 Ohio St.3d 208.
Upon review, we find the trial court did not err in finding the vehicle was not a non-owned vehicle.
Assignments of Error I and II are denied.
 III
Appellant claims the trial court erred in granting summary judgment because the "anti-stacking" provision of the policy is ambiguous and should be strictly construed against appellee. We disagree.
R.C. 3937.44 permits anti-stacking provisions limiting liability:
 Any liability policy of insurance including, but not limited to, automobile liability or motor vehicle liability insurance that provides a limit of coverage for payment for damages for bodily injury, including death, sustained by any one person in any one accident, may, notwithstanding Chapter 2125. of the Revised Code, include terms and conditions to the effect that all claims resulting from or arising out of any one person's bodily injury, including death, shall collectively be subject to the limit of the policy applicable to bodily injury, including death, sustained by one person, and, for the purpose of such policy limit shall constitute a single claim. Any such policy limit shall be enforceable regardless of the number of insureds, claims made, vehicle or premiums shown in the declarations or policy, or vehicle involved in the accident.
In the policy sub judice, the Limit of Liability provision under the Liability Coverage section as amended provides as follows:
 The limit of liability shown in the Declarations for `each person' for Bodily Injury Liability is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of bodily injury sustained by any one person in any one auto accident. Subject to this limit for `each person,' the limit of liability shown in the Declarations for `each accident' for Bodily Injury Liability is our maximum limit of liability for all damages for bodily injury resulting from any one auto accident. The limit of liability shown in the Declarations for `each accident' for Property Damage Liability is our maximum limit of liability for all property damage resulting from any one auto accident. This is the most we will pay regardless of the number of :
1. Insureds;
2. Claims made;
3. Vehicles or premiums shown in the Declarations; or
4. Vehicles involved in the auto accident.
The trial court found the language in this provision to be plain and unambiguous. Appellant argues the language is ambiguous because the provision does not include the term "stacking" therefore, "a claimant or insured would be unable to determine whether the subject policy precluded stacking." See, Appellant's Brief at 14.
From our reading of the provision, we do not find it to be susceptible to more than one meaning. The language clearly states the "each person" limit of liability ($100,000) is the maximum limit of liability for all damages sustained by any one person in any one auto accident "regardless of the number of claims made."
Assignment of Error III is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, P.J. and Wise, J. concur.
Hoffman, J. dissents.