This is an appeal from a judgment of the Lucas County Court of Common Pleas which granted summary judgment to appellee, Auto Owners Insurance Company ("Owners"), and dismissed appellant Melvin A. Rakowski's complaint for declaratory judgment and request for damages under his contract for underinsured motorist insurance.
On appeal appellant sets forth the following two assignments of error:
"ASSIGNMENT OF ERROR NO. 1
 "I. THE TRIAL COURT ERRED IN HOLDING THAT AN INSURER MAY REQUIRE THAT BODILY INJURY OR DEATH MUST BE SUSTAINED BY A PERSON INSURED UNDER THE POLICY BEFORE THE INSURER IS
REQUIRED TO PAY UNDERINSURED MOTORIST BENEFITS.
"ASSIGNMENT OF ERROR NO. 2
 "II. THE TRIAL COURT ERRED IN HOLDING THAT THE POLICY LANGUAGE IN THE AUTO OWNERS POLICY RESTRICTS BENEFITS TO INSUREDS WHO SUSTAIN BODILY INJURY OR DEATH."
The undisputed facts which are relevant to the issues raised on appeal are as follows. On September 9, 1997, appellant's sister, Irene H. Brown, was injured in an automobile accident as a result of the negligence of an underinsured driver, Raymond Cassel. On September 17, 1997, Brown died as a direct result of the injuries she sustained in the accident. Brown was survived by appellant and another sister, Virginia Czerniak. Brown did not reside in the same household as appellant or Czerniak at the time of her death.
At the time of Brown's death, Brown, appellant and Czerniak each were insured under separate automobile insurance policies issued by Owners. After Brown's death, appellant and Czerniak filed claims for damages under the uninsured/underinsured motorist provisions of their own separate policies, which Owners denied. On February 11, 1998, appellant filed the complaint herein against Cassel, Karin McClintock, the owner of the car driven by Cassel, and Owners. As part of the complaint, appellant alleged that, as a result of Brown's death, he was entitled to underinsured motorists benefits under his separate Owners policy.
On April 6, 1998, Owners filed an answer, cross-claim and counterclaim. In its counterclaim, Owners asked the court to declare that it "has no contractual obligation to provide uninsured/underinsured motorist benefits to [appellant]" as a result of the death of Irene Brown. On March 1, 1999, Owners filed a motion for summary judgment in which Owners argued that it has no statutory or contractual obligation to pay underinsured/uninsured motorist benefits to appellant for the death of his sister, who was not insured under appellant's policy. On March 18, 1999 and March 26, 1999, respectively, appellant filed a memorandum in opposition to appellee's motion for summary judgment and a reply in support of his own motion for summary judgment.
On April 12, 1999, the trial court filed a judgment entry in which it found that neither R.C. 3937.18 nor appellant's insurance policy required Owners to pay underinsured motorist benefits to appellant for Brown's death. Accordingly, the trial court granted Owners' motion for summary judgment, denied appellant's cross-motion for summary judgment, and dismissed appellant's remaining claims against Owners. On April 22, 1999, a timely notice of appeal was filed.
Appellant essentially argues in both of his assignments of error that the trial court erred by granting summary judgment to Owners. When reviewing a summary judgment, this court must apply the same standard as the trial court. Lorain Natl. Bank v.Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ. R. 56(C).
In his first assignment of error, appellant asserts that the trial court erred as a matter of law when it found that, pursuant to R.C. 3937.18(A), an insurer may require an insured to sustain bodily injury or death before the insurer is obligated to pay underinsured motorist benefits. In support thereof, appellant relies on the Supreme Court of Ohio's holding in Sexton v.State Farm Mutual Automobile Ins. Co. (1982), 69 Ohio St.2d 431, paragraph two of the syllabus.
At the time Sexton, supra, was decided, R.C. 3937.18(A) stated, in pertinent part:
 "No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless an equivalent amount of coverage for bodily injury or death is provided therein or supplemental thereto * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease,
including death, resulting therefrom. * * *"
In Sexton, supra, the Supreme Court of Ohio, interpreting R.C. 3937.18(A) as stated above, held that, as a matter of Ohio law, an insured who is legally entitled to recover damages because of injury or death to a non-resident relative, caused by an uninsured motorist, may be entitled to recover damages under his uninsured motorist policy, even though the relative was not an insured according to the terms of the policy. Id., at paragraph two of the syllabus. Accordingly, any provision in an insurance policy which attempted to limit uninsured motorist coverage to bodily injury or death sustained only by an insured violated R.C.3937.18(A) and was therefore void. Id. at 436.
However, effective October 20, 1994, R.C. 3937.18(A) was amended to provide, in relevant part, that:
 "No automobile liability or motor vehicle liability policy of insurance insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance, or use of a motor vehicle shall be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless both of the following coverages are provided to persons insured under the policy for loss due to bodily injury or death suffered by such persons:
 "(1) Uninsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for bodily injury, sickness, or disease, including death under provisions approved by the superintendent of insurance, for the protection of insureds thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease,
including death, suffered by any person
insured under the policy. * * *
 "(2) Underinsured motorist coverage, which shall be in an amount of coverage equivalent to the automobile liability or motor vehicle liability coverage and shall provide protection for insureds thereunder against loss for bodily injury, sickness, or disease, including death, suffered by any person insured under the policy, where the limits of cover age available for payment to the insured under all bodily injury liability bonds and insurance policies covering persons liable to the insured are less than the limits for the insured's uninsured motorist coverage. * * *"
Several Ohio courts, including this court, interpreting R.C. 3937.18(A) as amended, have held that, by adding the phrase "suffered by any person insured under the policy," the Ohio legislature effectively overruled Sexton, supra. Accordingly, insurance companies are permitted as a matter of law "to limit recovery under an uninsured/underinsured motorist provision to those cases where bodily injury is suffered by the insured and not any or all `damages' sustained by that insured." Spence v. GrangeMut. Cas. Co. (June 30, 1999), Monroe App. Nos. 803, 804, 812, unreported. See also, Moore v. State Automobile Mut. (Oct. 9, 1998), Huron App. No. H-98-012, unreported (The trial court did not err by finding that, pursuant to R.C. 3937.18, as amended, an insured does not have a recoverable claim under the underinsured motorist provisions of his own automobile insurance policy for damages due to injuries negligently inflicted on the insured's non-resident relative by an underinsured driver.); and Townsend v.State Farm Mut. Automobile Ins. Co. (Aug. 14, 1998), Sandusky App. No. S-97-059, unreported (This court recognized in Townsend that, "pursuant to the current version of R.C. 3937.18(A) * * * appellant is not entitled to coverage for the death of her granddaughter, a non-resident relative who was not otherwise an `insured' under the terms of the policy.").
This court is aware that the Tenth District Court of Appeals has held that "R.C. 3937.18 as amended does not require that the injury be sustained by the insured, but only that the damages or loss be sustained by the insured." Holcomb v. StateFarm Ins. Cos., (Dec. 24, 1998), Franklin App. No. 98AP-353, unreported. (Emphasis original.) However, upon consideration of the foregoing, we agree with the conclusion of the appeals court in Spence, supra, that R.C. 3937.18, as amended, "requires only that insurers provide [underinsured/uninsured motorist] coverage for losses resulting from bodily injury an insured personally had sustained." Spence, supra. Accordingly, appellant's reliance onHolcomb is misplaced. Appellant's first assignment of error is not well-taken.
Appellant asserts in his second assignment of error that the trial court erred by finding that he is not entitled to underinsured motorist benefits for his sister's death under the terms of his own automobile insurance policy. In support thereof, appellant argues that the use of a semi-colon between the first and second paragraphs of Section 2 renders the provision "ambiguous," because the semi-colon could operate as either an "or" or an "and." Appellant further asserts that because Section 2 is ambiguous, the semi-colon used in Section 2 of the underinsured motorist provision in appellant's insurance policy ("Section 2") must be construed as an "or."
It is well-settled that the interpretation of an insurance contract involves a question of law. Leber v. Smith
(1994), 70 Ohio St.3d 548, 553. The Supreme Court of Ohio has stated that: "[t]he fundamental goal in insurance policy interpretation is to ascertain the intent of the parties from a reading of the contract in its entirety, and to settle upon a reasonable interpretation of any disputed terms in a manner calculated to give the agreement its intended effect." Burris v. Grange Mut.Cos. (1989), 46 Ohio St.3d 84, 89. In so doing, "`The meaning of a contract is to be gathered from a consideration of all its parts, and no provision is to be wholly disregarded as inconsistent with other provisions unless no other reasonable construction is possible.'" Id., quoting Karabin v. State Auto.Mut. Ins. Co. (1984), 10 Ohio St.3d 163, 167.
Finally, in construing the policy's meaning, "[t]he words in a policy must be given their plain and ordinary meaning, and only where a contract of insurance is ambiguous and therefore susceptible to more than one meaning must the policy language be liberally construed in favor of the claimant who seeks coverage. * * * Nevertheless, it is axiomatic that the general rule of liberal construction cannot be employed to create an ambiguity where there is none." Burris, supra.
Section 2 of the underinsured motorist provision of appellant's insurance policy states, in relevant part:
 "a. We will pay compensatory damages any injured person is legally entitled to re cover:
 "(1) from the owner or operator of an underinsured automobile;
 "(2) for bodily injury sustained while occupying or getting into or out of an automobile that is covered by SECTION II — LIABILITY COVERAGE of the policy.
 "b. the bodily injury must be accidental and arise out of the ownership, maintenance or use of the underinsured automobile." (Emphasis original.)
Section 2(a)(1) clearly extends underinsured motorist benefits to "any injured person." (Emphasis added.) Accordingly, such benefits are not limited just to those persons insured under appellant's policy. However, Section 2(a)(2) states that the injured person may recover damages for "bodily injury sustained while occupying or getting into or out of" an automobile with liability coverage under the policy. As set forth above, appellant argues that the language of Section 2(a) is ambiguous, and that the semi-colon after Section 2(a)(1) should be read as an "or," thereby eliminating the need for compliance with the terms set forth in Section 2(a)(2). The relevant question, then, to be decided by this court is whether Section 2(a) is ambiguous because it doesn't state whether the semi-colon between Section 2(a)(1) and 2(a)(2) is meant to be read as an "and" or an "or."
We note initially that a semi-colon is defined as a punctuation mark used "chiefly in a coordinating function between major sentence elements (as independent clauses of a compound sentence)." Merriam Webster's Collegiate Dictionary (10th Ed. 1993) 1063. An examination of appellant's entire insurance policy reveals that the semi-colon is frequently employed throughout the policy in combination with an "or" or an "and."[1] However, the particular semi-colon used in Section 2(a) cannot logically be read as an "or" for the following reasons.
First, Section 2(b) ties Section (2)(a)(1) and 2(a)(2) together by stating that the bodily injury must be "accidental and arise out of the ownership, maintenance or use of the underinsuredautomobile." (Emphasis original.) Second, if the semi-colon after Section 2(a)(1) is read as an "or," the requirements of 2(a)(2) would be eliminated. Consequently, virtually "any injured person" who is legally entitled to recover damages from an underinsured tortfeasor would be entitled to benefits under the underinsured motorist provision of appellant's policy, whether or not the injured person was an insured under appellant's policy, and regardless of the type of injury or where such injury occurred. Such a result is absurd.
Finally, Section 6 of appellant's underinsured motorist policy ("Section 6"), provides "extended" coverage for individualinsureds who:
 "are legally entitled to recover from the owner or operator of any underinsured automobile:
 "(1) for bodily injury you accidentally sustain while occupying an automobile you do not own which is not covered by SECTION II — LIABILITY COVERAGE of the policy.
 "(2) for bodily injury you accidentally sustain while occupying an automobile you own which is not insured for bodily injury liability coverage.
 "(3) for bodily injury you accidentally sustain while a pedestrian."[2]
Accordingly, the semi-colon after Section 2(a)(1) cannot be read as an "or," because the resulting coverage would be so broad as to render the "extended" coverage provided by Section 6 unnecessary. See Burris, supra.
This court has reviewed the entire record of the proceedings before the trial court and, upon consideration thereof and the law finds that, under the circumstances of this case, the semi-colon after Section 2(a)(1) cannot reasonably be construed as an "or." Accordingly, the language of Section 2 is not ambiguous, and appellant is not entitled to underinsured motorist benefits under the terms of his own insurance policy for the death of his sister, Irene Brown. Appellant's second assignment of error is not well-taken.
There remains no genuine issue of material fact and, when construing the evidence that was before the trial court most strongly in favor appellant, reasonable minds can only conclude that appellee Owners is entitled to summary judgment as a matter of law. The judgment of the Lucas County Court of Common Pleas is hereby affirmed. Court costs of these proceedings are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 MELVIN L. RESNICK, J.
JUDGE
 JAMES R. SHERCK, J.
JUDGE
 RICHARD W. KNEPPER, P.J.
JUDGE CONCUR.
[1] For example, Section 7(a) of the underinsured motorist provision of appellant's policy states, in relevant part:
"Any person seeking Underinsured Motorist Coverage must:
 "(1) present a claim for compensatory damages according to the terms and conditions of the policy; and
 "(2) conform with any applicable statute of limitations applying to bodily injury [sic] claims in the state in which the accident occurred." (Emphasis added).
In contrast, Section 7(b) of that same provision states, in relevant part:
 "(1) If we and a person entitled to Underinsured Motorist Coverage under this endorsement do not agree:
 "(a) that the person is entitled to recover compensatory damages; or
"(b) to the amount of those damages;
"the matter may be arbitrated * * *." (Emphasis added).
[2] The policy defines the term "you" as "the first named insured shown in the Declarations" and that individual's spouse who resides in the same household. In addition, coverage under Section 6(a) is provided for persons related by blood, marriage or adoption to the named insured, and who reside in the same household as the named insured.