DECISION
Plaintiff-appellant, Hogan Transports, Inc., appeals from a judgment of the Franklin County Court of Common Pleas granting the motion for summary judgment of defendant-appellee, Hills Department Stores. Because the trial court properly granted summary judgment to defendant, we affirm.
On April 23, 1998, plaintiff filed a complaint against defendant, contending defendant had breached a written lease agreement with plaintiff, entered into on or about July 1, 1996. According to the lease, plaintiff was to provide drivers and tractors to distribute defendant's loads. The complaint alleges defendant failed to pay plaintiff for drivers and tractors furnished in accordance with the lease agreement in spite of plaintiff's having notified defendant of the existence and amount of the debt.
Defendant responded with not only an answer, but a motion to dismiss. Specifically, defendant noted that the invoices attached to plaintiff's complaint were dated November 29, 1996. Pointing to the language of Section 11 of the lease agreement which requires that plaintiff must commence any action or proceeding against defendant within one year of the date shown on the freight bill, defendant noted plaintiff failed to commence this action until April 23, 1998. Plaintiff, in turn, responded that it in fact took action within the requisite year by sending a letter to defendant on April 29, 1997, five months after the freight bill.
The trial court concluded that (1) the term "action" as used in Section 11 of the lease agreement is ambiguous, (2) due to the ambiguity, the court was required to construe the words according to intention of the parties, and (3) to do so, the court would have to consider matters outside the pleadings, a procedure improper in determining a Civ.R. 12(B)(6) motion. Accordingly, the court overruled defendant's motion.
Defendant followed the trial court's decision with a Motion for Summary Judgment, submitting the affidavits of Randy Betz and Bill Flanagan, both of whom stated that "it was the intent of Hills that Section 11 of the transportation agreement place a one (1) year limitation period for Hogan to commence anylegal action or proceeding." (Emphasis sic.) Following full briefing of the motion, the trial court sustained defendant's motion for summary judgment, determining that the term "action" as used in Section 11 of the lease agreement means "legal action." Because plaintiff's legal action was not commenced within one year, the court found plaintiff's action time-barred under plaintiff's lease agreement with defendant.
Plaintiff appeals, assigning the following errors:
 I. THE TRIAL COURT ERRED IN FAILING TO GIVE MEANING TO ALL THE WORDS INSERTED BY THE PARTIES IN THE RELEVANT AGREEMENT AND CONCOMITANTLY RENDERING CERTAIN WORDS MEANINGLESS OR SURPLUSAGE.
 II. THE TRIAL COURT ERRED BY INSERTING WORDS INTO THE AGREEMENT AT ISSUE THAT WERE NOT USED BY THE PARTIES.
 III. THE TRIAL COURT ERRED IN FAILING TO INTERPRET THE RELEVANT AGREEMENT PROVISIONS IN THE CONTEXT OF THE ENTIRE AGREEMENT.
 IV. THE TRIAL COURT ERRED IN FAILING TO RECOGNIZE AN ISSUE OF MATERIAL FACT AND/OR IMPROPERLY DECIDING AN ISSUE OF MATERIAL FACT IN GRANTING HILL'S MOTION FOR SUMMARY JUDGMENT.
Because plaintiff's four assignments of error are interrelated, we address them jointly. Together, they assert the trial court erroneously applied commonly used rules of construction to determine that the language of the lease agreement required plaintiff to commence legal action against defendant on any unpaid bills within one year of the date of those bills.
Before examining the actual language in the lease agreement, we note the general law to be applied in the context of reviewing a summary judgment decision from the trial court. In accordance with Civ.R. 56, the evidence must be construed most strongly in favor of the non-moving party; summary judgment should be granted only if no genuine issue of material fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, which is adverse to the non-moving party. Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64. A motion for summary judgment first forces the moving party to inform the court of the basis of the motion and to identify portions in the record which demonstrate the absence of a genuine issue of material fact. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 296. If the moving party makes that showing, the non-moving party then must produce evidence on any issue for which the party bears the burden of production at trial.Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, paragraph three of the syllabus (Celotex v. Catrett [1986],477 U.S. 317, approved and followed).
Within that context, both parties acknowledge that certain rules of construction pertain. If the language of a contract is clear and unambiguous, a court may not resort to construction of that language. Hybud Equipment Corp. v. SphereDrake Ins. Co. (1992), 64 Ohio St.3d 657; Karabin v. StateAutomobile Mut. Ins. Co. (1984), 10 Ohio St.3d 163, 167. Only where the language of a contract is unclear or ambiguous or when the circumstances surrounding the agreement invest the language of the contract with a special meaning, will extrinsic evidence be considered in an effort to give effect to the parties' intentions.Shifrin v. Forest City Entr., Inc. (1992), 64 Ohio St.3d 635, syllabus. Words in a contract must be given their plain and ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the document. Alexander v. Buckeye Pipe Line Co.
(1978), 53 Ohio St.2d 241.
The language at issue states:
 11. Losses, Damages, Claims. Any action or proceeding by CARRIER to recover charges alleged to be due hereunder, and any action or proceeding by Company to recover overcharges to be due hereunder, shall be commenced not more than one (1) year after date shown on CARRIER's freight bill with respect to shipment to which such undercharges or overcharges are claimed.
Although the trial court found the foregoing provision ambiguous, it is not. In an effort to demonstrate ambiguity, plaintiff suggests that "action" in common parlance means "to do anything." To so interpret "action" would render it meaningless. In effect, plaintiff could do virtually anything, whether or not it be known to defendant, to preserve the right to sue on an unpaid bill. Moreover, even if "action" alone is ambiguous, when it is used in conjunction with "commenced," the phrase conveys a single meaning: the initiation of a legal action. Cf. Cohens v.Virginia (1821), 5 L.Ed. 257 (holding that to "commence" a suit is to demand something by the institution of process in a court of justice). Although plaintiff contends that such a reading renders "proceeding" superfluous, the combined use of "action" and "proceeding" is common in legal writing. See, e.g., Section 520, Title 50, U.S. Code; R.C. 1901.131.
The trial court, however, determined the language of the lease agreement to be ambiguous. If that be so, the trial court was required to construe the terms so as to give effect to the intentions of the parties. Shifrin, supra. In an effort to do so, the trial court looked to the parties' affidavits. Both Randy Betz and Bill Flanagan stated in their affidavits that defendant intended Section 11 of the agreement to place a one-year limitation period on plaintiff's ability to commence any legal action or proceeding.
In response, plaintiff submitted the affidavit of David Hogan. Hogan stated that (1) neither he nor any other employee of plaintiff represented that Section 11 of the agreement required legal action or proceeding, (2) no representative of defendant specifically inquired regarding any aspect of Section 11, (3) plaintiff does not require legal action or proceeding when shippers seek to challenge charges imposed by plaintiff pursuant to Section 11, and (4) had any representative of defendant inquired regarding the meaning of Section 11, that representative would have been instructed that plaintiff does not require formal legal action or proceeding. Hogan's affidavit, however, does not address the issue raised in the summary judgment motion: whether plaintiff intended that something short of legal proceedings would suffice to meet the requirements of Section 11. While the third and fourth points of plaintiff's affidavit come closest to addressing the critical issue, they instead speak to how plaintiff applies the provisions. Because that application may be driven by any number of factors, the third point leaves to speculation the significance of the statement.
In the final analysis, because the affidavit plaintiff submitted fails to address the dispositive issue before the trial court, it fails to create a genuine issue of material fact in determining the intention of the parties. The trial court did not err in finding that the parties intended action or proceeding under Section 11 of the agreement to mean "legal action." Accordingly, even if the language is ambiguous and subject to interpretation, the trial court's decision is supported by the evidence before it.
Finally, plaintiff relies on Part 1005, Title 49, CFR because the second paragraph of Section 11 of the lease agreement references it, stating:
 The parties to the agreement acknowledge the application and controlling status of provisions of Part 1005 of Title 49, Code of Federal Regulations and 49 U.S.C. § 11707(e) with regard to claims and action of loss or damage to commodities transported pursuant to the terms and conditions of this agreement, except to the extent modified by this agreement all claims for recovery by SHIPPER as provided herein and as to each shipment, must be filed with CARRIER within nine (9) months of the date of delivery or tender of delivery of that shipment.
Pointing specifically to Part 1005.2(b), plaintiff contends the section requires only a "communication in writing sufficient to identify the shipment at issue, an assertion of liability, and a claim for payment of either a specified or determinable amount of money." The lease agreement, however, specifies that those provisions control regarding "claims and action of loss or damage to commodities transported pursuant to the terms and conditions of this agreement." Because the claims at issue do not arise out of loss or damage to transported commodities under the lease, the cited provisions of the lease agreement and of the Code of Federal Regulations do not apply.
For the foregoing reasons, plaintiff's four assignments of error are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
BROWN and TYACK, JJ., concur.