STATE FARM FIRE AND CASUALTY
COMPANY, APPELLEE, *v.*
CUMMINGS, APPELLANT, ET AL.

(No. 1539—Decided
June 3, 1987.)

*Terrence J. Kenneally,* for appellee.

*Richard J. Marco,* for appellant Tammy Cummings.

MAHONEY, P.J. Tammy Cummings appeals from a declaratory order of the trial court finding that she is not entitled to recovery under her father's insurance policy with State Farm Fire and Casualty Company ("State Farm"). We affirm the judgment of the trial court.

### Facts

The relevant facts of this matter are not in dispute. Tammy brought a civil action against her father in the Medina County Court of Common Pleas. The basis of her claim was that she sustained various personal injuries as a proximate result of sexual misconduct by her father, Robert C. Cummings.

The parties agree that Tammy was an unemancipated minor at the time that the torts occurred. She was in the custody of her father and resided in his house.

Robert had a homeowner's insurance policy with State Farm. The terms of the policy included a provision whereby State Farm was to provide legal counsel in certain instances. Robert sought to have State Farm defend him in the action brought by Tammy.

The controversy at bar arose from a declaratory judgment action filed by State Farm. In this action, State Farm contended that it had no duty to defend Robert and that Tammy was not entitled to recover under the policy. Both Robert and Tammy were named as defendants by State Farm.

The trial court found that the terms of the policy with State Farm precluded recovery by Tammy for two reasons. First, Tammy may not recover for bodily injuries due to her status as an "insured" under the policy. Additionally, the trial court found that Tammy is precluded from recovery because Robert's actions were "expected or intended" by him. Accordingly, the trial court entered judgment in favor of State Farm. This appeal followed.

### Assignment of Error I

"The trial court erred when it determined, as a matter of law, that appellant was an 'insured' as defined by the policy of insurance."

The homeowner's policy submitted

by State Farm pursuant to Tammy's discovery request provides in pertinent part:

"COVERAGE L — PERSONAL LIABILITY

"If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage to which this coverage applies, we will:

"a. pay up to our limit of liability for the damages for which the insured is legally liable;* * *.

"* * *

"SECTION II — EXCLUSIONS

"1. Coverage L — Personal Liability and Coverage M — Medical Payments to Others do not apply to:

"* * *

"g. bodily injury to you or any insured within the meaning of part (a) or (b) of the definition of insured."

"DEFINITIONS

"* * *

"3. 'insured' means you and the following residents of your household:

"a. your relatives;

"b. any other person under the age of 21 who is in the care of any person named above."

It is well-established Ohio law that when the language of an insurance policy is clear, it is unnecessary and impermissible for a court to resort to construction of that language. See *Karabin* v. *State Automobile Mut. Ins. Co.* (1984), 10 Ohio St. 3d 163, 166-167, 10 OBR 497, 499, 462 N.E. 2d 403, 406; *Travelers Indemn. Co.* v. *Reddick* (1974), 37 Ohio St. 2d 119, 121, 66 O.O. 2d 259, 260-261, 308 N.E. 2d 454, 456.

In the case at bar, the State Farm insurance policy clearly excludes coverage for personal injuries suffered by any "insured" individual. There is no dispute that Tammy was Robert's daughter, was in Robert's custody, and resided with Robert during the time period in controversy. We must reject her arguments that she was not residing in her father's home voluntarily and that her presence there was obtained by the misrepresentations and broken promises of her father. The trial court properly found that Tammy qualified as an "insured" under the policy.

Assignment of error number one is without merit. Tammy also contends that:

Assignment of Error II

"The trial court erred when it determined, as a matter of law, that a father who has sexually abused his daughter expects or intends to injure her."

In light of our disposition of assignment of error number one, we will not address Tammy's second assignment of error. Assuming *arguendo* that a question of fact exists as to whether Tammy's injuries were "expected or intended" by Robert, Tammy is nevertheless precluded from recovery under the policy by her status as an "insured."

Summary

Tammy's assignments of error are overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD and GEORGE, JJ., concur.