DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant/Cross-Appellee, Alex D. Johnson ("Alex"), by and through his mother and natural guardian Christine M. Farrell, appeals from the judgment of the Summit County Court of Common Pleas, which granted the summary judgment motions of Appellees/Cross-Appellants, Travelers Indemnity Company of Illinois ("Travelers") and Universal Underwriters Group ("Universal"), and Appellees Associated Electric and Gas Insurance Services Limited ("Aegis") and Nationwide Mutual Fire Insurance Company ("Nationwide"). We affirm.
 I. {¶ 2} This appeal arises from an automobile accident involving Alex, his father, Timothy Johnson ("Johnson"), and his brother, Matthew Johnson ("Matthew"). In the judgment entry from which Alex appeals, the trial court noted that Johnson and Matthew have settled their claims with the tortfeasor, Timothy Hundley ("Hundley"), and that they have been fully compensated. Thus, this appeal solely concerns Alex's claims against the various insurance companies for coverage, which stem from this automobile accident.
 {¶ 3} On July 22, 2001, Alex was a passenger in an automobile owned and driven by Johnson, as a result of which Alex suffered injuries. At the time of the accident, Johnson possessed a motor vehicle policy issued by State Farm Mutual Automobile Insurance Company ("State Farm") with policy limits of $100,000.00 per person/$300,000.00 per occurrence. Additionally, Johnson was employed by Columbia Gas, which had an automobile liability policy issued by Travelers with a policy limit of $200,000.00, and a commercial general liability policy issued by Aegis with a policy limit of $35,000,000.00 per occurrence and underlying limits of $200,000.00 per occurrence.
 {¶ 4} Alex resided with his mother Christine Farrell and his stepfather, Joseph Farrell, at the time of the accident. The Farrells had a motor vehicle policy issued by Nationwide, with policy limits of $100,000.00 per person/$300,000.00 per occurrence. Mrs. Farrell was employed by the Medina County Career Center, and Mr. Farrell was employed by Mullinax Lincoln Mercury ("Mullinax"), whose parent company Autonation carried automobile liability and commercial liability policies issued by Universal with policy limits of $1,000,000.00.
 {¶ 5} On September 7, 2001, Alex filed suit,[1] by and through his mother and natural guardian Christine Farrell, against the driver of the other automobile involved in the accident, Hundley, as well as various insurance companies including Appellees and Appellees/Cross-Appellants involved in this appeal.[2] The complaint alleged one count of negligence against Hundley; breach of contract claims against State Farm and Nationwide involving automobile underinsurance coverage; and breach of contract claims and declaratory judgment actions for UM/UIM coverage against Nationwide AGRI Business Insurance Company ("Nationwide AGRI"), Travelers, Aegis, and the John Doe Insurance Company No. 1, pursuant to Scott-Pontzer v. Liberty Mut. FireIns. Co. (1999), 85 Ohio St.3d 660.[3] On October 3, 2001, State Farm Insurance filed a cross-claim against Nationwide, Nationwide AGRI, Aegis, Travelers, and John Doe Insurance Company No. 1.
 {¶ 6} Thereafter, the plaintiffs dismissed Mullinax from the suit without prejudice, and filed an amended complaint which replaced Mullinax and John Doe Insurance Company No. 1 with Universal. On October 29, 2001, Nationwide AGRI filed a counterclaim for declaratory judgment, and was subsequently dismissed from the suit. On January 29, 2002, the claims of Matthew, Timothy, and Diane Johnson against Hundley were also dismissed, with prejudice, as settled.
 {¶ 7} On February 22, 2002, Nationwide filed a motion for summary judgment. The plaintiffs filed a cross-motion for summary judgment against Nationwide on March 11, 2002. Universal and Travelers filed separate motions for summary judgment on April 19, 2002. On April 22, 2002, Aegis filed its own motion for summary judgment, and State Farm filed a cross-motion for summary judgment. On May 17, 2002, Alex filed a motion for partial summary judgment against Universal, Aegis, and Travelers.
 {¶ 8} In a judgment entry dated July 11, 2002, the trial court made the following dispositions: (1) the trial court found that Nationwide's policy provides excess coverage, and granted Nationwide's motion and denied Alex's cross-motion against Nationwide; (2) the trial court found that State Farm's policy is primary, and denied State Farm's cross-motion; (3) the trial court found that Alex is not an insured under Universal's policy, and granted Universal's motion; (4) the trial court found that Alex is not an insured under the Travelers' policy, and granted Travelers' motion; (5) the trial court found that Aegis' insurance policy is not subject to Ohio law, and granted Aegis' motion; and (5) the trial court denied Alex's motion for partial summary judgment.
 {¶ 9} On August 20, 2002, Alex's claims against Hundley were settled and dismissed with prejudice. In a judgment entry dated December 26, 2002, the trial court noted that "the remaining parties have reached an agreement in th[e] case[,]" dismissing the case with respect to the remaining parties. It is from this judgment that Alex, Travelers, and Universal now appeal.
 {¶ 10} Alex timely appealed, asserting one assignment of error for review. Travelers filed a notice of cross-appeal on February 4, 2002, and asserts an alternative basis for affirming the trial court's judgment. Universal filed a notice of cross-appeal on February 5, 2002, and asserts four cross-assignments of error.
 II. Assignment of Error
"The trial court erred in denying appellant Alex Johnson's motion and cross motion for summary judgment, and in granting summary judgment in favor of defendant insurers Aegis, Nationwide, Travelers, and universal."
 {¶ 11} In his sole assignment of error, Alex avers that the trial court erred when it (1) denied his motion and cross-motion for summary judgment, and (2) granted the respective motions for summary judgment of Aegis, Nationwide, Travelers, and Universal.
 Alex's Motion and Cross-Motion for Summary Judgment {¶ 12} This Court has, on numerous occasions, recognized that the denial of a motion for summary judgment does not constitute a final appealable order pursuant to R.C. 2505.02. See Collings v. MidwesternIndem. Co., 9th Dist. No. 03CA008229, 2003-Ohio-5609, at ¶ 4; FOP,Akron Lodge No. 7 v. Akron, 9th Dist. No. 20646, 2002-Ohio-2649, at ¶ 5; Celebrezze v. Netzley (1990), 51 Ohio St.3d 89, 90. Therefore, unless an exception to the general rule applies, we do not have jurisdiction to decide the merits of that portion of Alex's assignment of error that addresses the trial court's denial of Alex's motions for summary judgment. See Celebrezze, 51 Ohio St.3d at 90.
 {¶ 13} As no exception applies in this case, we refrain from deciding the merits of that portion of Alex's sole assignment of error. Thus, the only remaining issue for review is whether the trial court erred when it granted the respective motions for summary judgment of Travelers, Universal, Aegis, and Nationwide. We will address the motions of Travelers, Universal, and Aegis in conjunction for ease of review.
 Summary Judgment Motions of Travelers, Universal, Aegis and Nationwide {¶ 14} An appellate court reviews a trial court's granting of summary judgment de novo, applying the same standard used by the trial court. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105;Klingshirn v. Westview Concrete Corp. (1996), 113 Ohio App.3d 178, 180. Any doubt is to be resolved in favor of the non-moving party. Viock v.Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12. Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the non-moving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-93. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of the motion. Id. at 293.
 {¶ 15} Once this burden is satisfied, the non-moving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts which show a genuine issue for trial. Dresher, 75 Ohio St.3d at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material which shows that a genuine dispute over the material facts exists. Id.; Henkle v.Henkle (1991), 75 Ohio App.3d 732, 735. In its review of a granting of a motion for summary judgment, an appellate court "review[s] the same evidentiary materials that were properly before the trial court at the time it ruled on the summary judgment motion." American Energy Servs.,Inc. v. Lekan (1992), 75 Ohio App.3d 205, 208.
 Summary Judgment Motions of Travelers, Universal, and Aegis {¶ 16} In this case, Alex challenges the trial court's granting of the summary judgment motions of Universal, Travelers, and Aegis on the basis of the Supreme Court's decision in Scott-Pontzer v. Liberty Mut.Fire Ins. Co. (1999), 85 Ohio St.3d 660. The Supreme Court of Ohio restricted the holding of Scott-Pontzer in Westfield Ins. Co. v.Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849. In Galatis, the Court addressed "Ohio's law regarding whether insured and underinsured motorist insurance issued to a corporation may compensate an individual for a loss that was unrelated to the insured corporation." Galatis at ¶ 2. The Court concluded that it may not, and held that
"[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only
if the loss occurs within the course and scope of employment." (Emphasis added.) Id. at ¶ 62.
The rationale underlying this holding stems from the general intent of a motor vehicle insurance policy issued to a corporation, which is "to insure the corporation as a legal entity against liability arising from the use of motor vehicles." Id. at ¶ 20, citing King v. NationwideIns. Co. (1988), 35 Ohio St.3d 208, 211. The Court explained that an insurance policy extending to
"an employee's activities outside the scope of employment are not of any direct consequence to the employer as a legal entity. An employer does not risk legal or financial liability from an employee's operation of a non-business-owned motor vehicle outside the scope of employment. Consequently, uninsured motorist coverage for an employee outside the scope of employment is extraneous to the general intent of a commercial auto policy." Galatis at ¶ 20.
 {¶ 17} Additionally, the Court in Galatis overruled Ezawa v. YasudaFire Marine Ins. Co. of Am., 86 Ohio St.3d 557, 1999-Ohio-124, which had expanded upon the prior ruling of the Court in Scott-Pontzer.
In Ezawa, the Court had held that uninsured motorist coverage extends to a resident relative of an employee of a corporate policyholder. SeeGalatis at ¶ 61. In Galatis, the Court also held that if an insurance policy
"designates a corporation as a named insured, the designation of `family members' of the named insured as `other insureds' does not extend insurance coverage to a family member of an employee of the corporation, unless the employee is also a named insured." Id. at ¶ 62.
 {¶ 18} In this case, it does not appear from the record that the car accident from which Alex sustained injuries bears any relationship to Johnson's employment. More significant is Alex's status as a family member of Johnson and the Farrells. See id. Thus, we find that Alex does not qualify as an "insured" with respect to these insurers, in light of the Ohio Supreme Court's recent decision in Galatis. Consequently, upon the authority of Galatis, this Court concludes that Alex is not entitled to UM/UIM coverage from Aegis, Travelers, and Universal. Therefore, we find that no genuine issue of material fact remains as between Alex and Aegis, Travelers, and Universal, and that therefore they are entitled to judgment as a matter of law. See Temple, 50 Ohio St.2d at 327; see, also, Civ.R. 56(C).
 {¶ 19} We observe that both Travelers and Universal have individually set forth cross-appeal arguments, which are in fact proposed additional arguments in support of the trial court's determination that Alex is not entitled to UM/UIM coverage under Travelers' and Universal's respective insurance policies. Due to our disposition of Alex's sole assignment or error with respect to Aegis, Travelers, and Universal above, we need not address these cross-appeal arguments as they are rendered moot. See Taddeo v. Estate of Ellis (2000), 144 Ohio App.3d 235,245. Therefore, we need not address the issues raised therein.
 Summary Judgment Motion of Nationwide {¶ 20} Regarding his claim against Nationwide, Alex argues on appeal that the provisions of Nationwide's policy regarding uninsured motorist coverage are ambiguous and contradictory when read together and are therefore unenforceable against him. Alex sets forth the belief, that, because these policy provisions are ambiguous, Nationwide was not entitled to set off of any amount paid by State Farm to him.[4]
 {¶ 21} In support of his argument that these provisions are ambiguous and contradictory, Alex maintains that paragraph three under the "Amounts Payable for Uninsured Motorists Losses" section, refers to any amounts paid by or for liable parties in tort. Alex claims, that, in contrast, the section of the "Other Insurance" provision stating that Nationwide coverage is excess over any other collectible insurance refers instead to contractual liability rather than liability in tort. Alex argues that the ambiguity he claims exists within these provisions stems from this purported contract-tort liability distinction, and that therefore this supposed ambiguity should be construed in favor of Alex as the insured.
 {¶ 22} Generally, the language of a contract, including the language of an insurance policy, is to be construed in accordance with it plain and ordinary meaning. See Karabin v. State Auto. Mut. Ins. Co.
(1984), 10 Ohio St.3d 163, 166-67. "It is well-established Ohio law that when the language of an insurance policy is clear, it is unnecessary and impermissible for a court to resort to construction of that language."State Farm Fire Cas. Co. v. Cummings (1987), 41 Ohio App.3d 161,162. If an ambiguity in an insurance policy does exist, however, it is to be construed in favor of the insured. See Andersen v. Highland HouseCo., 93 Ohio St.3d 547, 551, 2001-Ohio-1607; see, also, Meridian Mut.Ins. Co. v. State Farm Mut. Auto. Ins. Co. (S.D.Ohio 1998), 1998 U.S. Dist. No. C2-97-753.
 {¶ 23} Those portions of Nationwide's insurance policy that Alex maintains are ambiguous and contradictory are found in Endorsement 2352A, uninsured motorist coverage. That portion of the endorsement in question states, in pertinent part, the following:
"Limits of Payment
"Amounts payable for uninsured motorists losses
"Our obligation to pay Uninsured Motorists — Bodily Injury losses is limited to the amounts per person and per occurrence stated in the policy Declarations. The following conditions apply to these limits:
"* * *
"3. The limits of this coverage will be reduced by any amount paid by or for any liable parties.
"4. Damages payable, if less than the limits of this coverage, will be reduced by any amount paid by or for any liable parties.
"* * *
"Other Insurance
"1. If there is any other insurance for bodily injury suffered by an insured while occupying a motor vehicle other than your auto, our coverage is excess over any other collectible:
"a) insurance;
"* * *
"However, this insurance will apply only in the amount by which the limit of coverage under this policy exceeds the total amount collectible from all of the above noted recovery sources." (Emphasis added.)
 {¶ 24} We agree with Nationwide's interpretation of these provisions, as stated in its brief on appeal. The provision entitled "Amounts Payable for Uninsured Motorist Losses" addresses the insurer's rights and duties under UM/UIM coverage when those insured under the Nationwide policy recover some or all of their damages from other liable parties. In contrast, the provision entitled "Other Insurance" addresses Nationwide's rights and duties under UM/UIM coverage when those insured under the Nationwide policy suffer bodily injury while occupying a motor vehicle other than the one insured under the Nationwide policy; this provision applies when the insured in this case also has the right to recover their damages under another policy that provides UM/UIM coverage. In light of the foregoing, we conclude that Nationwide's insurance policy provisions regarding uninsured motorist coverage pertinent to the instant case are unambiguous and are not contradictory.
 {¶ 25} Alex contends that he is entitled to $50,000.00 from Nationwide since he has only received $50,000.00 from the tortfeasor's insurer, Progressive, and Nationwide's policy limit in this case is $100,000.00. The Nationwide provision entitled "Other Insurance" explicitly states that Nationwide's uninsured coverage is excess to other insurance available through the State Farm Policy, the policy under which the vehicle that Alex was "occupying" during the accident was insured. The relevant State Farm insurance policy provision states the following:
"If there is Other Uninsured Motor Vehicle Coverage
"* * *
"3. If Any Other Policies Apply
"* * *
"b. If the insured sustains bodily injury while occupying a vehicle that is:
"(1) not described on the declarations page of; or
"(2) driven by a person who is not an insured under, another policy providing uninsured motor vehicle coverage:
"(1) the total limits of liability under all uninsured motor vehicle coverages that apply shall not exceed that of the coverage with the highest limit of liability; and
"(2) we are liable only for our share. Our share is that per cent of the damages that our limit of liability determined in 1 above bears to the total sum of that limit of liability and the limits of liability of all other uninsured motor vehicle coverages that apply."
 {¶ 26} The Supreme Court of Ohio has held that
"[w]here one insurer insures against a loss and provides that it shall not be liable for a greater proportion of the loss than the applicable limit of liability stated in its declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss, and another insurer insures against the same loss and additionally provides that such insurance shall be excess insurance over any other valid collectible insurance available to its insured, effect should be given to the latter provision, and the first insurer should be held to be the primary insurer." Motorists Mut. Ins. Co. v. LumbermensMut. Ins. Co. (1965), 1 Ohio St.2d 105, syllabus.
 {¶ 27} Based upon the Supreme Court authority in Motorists MutualInsurance Company and a reading of the Nationwide and State Farm policy provisions, we conclude that State Farm is the primary insurer and Nationwide's UM/UIM coverage is only excess to the applicable State Farm policy.
 {¶ 28} The State Farm and Nationwide insurance policies contain identical bodily injury limits of liability, $100,000.00 for each person, and $300,000.00 for each occurrence. Therefore, we agree with the trial court that Alex had to first attempt collection from State Farm to fully exhaust that policy limit amount, and then proceed to collect from Nationwide as excess coverage, if the terms of the Nationwide policy in fact allowed any such collection.
 {¶ 29} We observe that Nationwide's policy provision quoted above, contains an anti-stacking clause which makes the UM/UIM coverage available only "in the amount by which the limit of coverage under this policy exceeds the total amount collectible" from other sources of recovery, including other insurance policies.[5] Thus, Alex's recovery is limited by any recovery from the tortfeasor Hundley's insurance carrier, Progressive, which was $50,000.00. Thus, theoretically, as Nationwide's policy limit is $100,000.00, Nationwide would not be liable to Alex for excess coverage, if Alex would be successful in his claim against State Farm as the primary insurer.
 {¶ 30} It appears from the judgment entry from the trial court dated December 26, 2002, that the "remaining parties" to the suit, which presumably includes State Farm, had settled after the date that the trial court entered judgment with respect to the various motions for summary judgment. The record before us contains neither a copy of any such settlement agreement, nor information documenting the provisions of this agreement. Furthermore, there is no information in the record from which one can gather whether Alex has fully exhausted State Farm's policy limits for his injuries as a result of the accident.
 {¶ 31} However, these facts does not preclude a disposition as to the order collection of UM/UIM insurance coverage in this case. Alex does not make any statement on appeal as to whether he has fully exhausted State Farm's policy limits. We cannot presume, from the mere fact that State Farm and Alex may have entered into a settlement agreement, that the settlement agreement did or did not fully compensate Alex for his injuries, and that therefore Alex is entitled to pursue the excess coverage from other sources.
 {¶ 32} In light of the aforementioned, we cannot conclude that the trial court erred when it granted the summary judgment motion of Nationwide and stated that Alex must initially proceed against State Farm as the primary insurance carrier. Thus, we find that no genuine issue of material fact remains as to Nationwide's liability to Alex, and that therefore, Nationwide is entitled to judgment as a matter of law. SeeTemple, 50 Ohio St.2d at 327; see, also, Civ.R. 56(C).
 {¶ 33} We find that no genuine issue of material fact exists as to Aegis, Nationwide, Travelers, and Universal, and that they are entitled to judgment as a matter of law. We have also found supra that this Court is precluded from addressing the portion of Alex's assignment of error which addresses the trial court's denial of his motions for summary judgment. Accordingly, Alex's sole assignment of error is overruled. Additionally, Travelers' and Universal's cross-appeal arguments are rendered moot.
 III. {¶ 34} Alex's sole assignment of error is overruled. Travelers' and Universal's cross-assignments of error are rendered moot. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Carr, J., concur.
[1] Also named as plaintiffs in this suit were Johnson and his wife, Diane Johnson, and Matthew, by and through his mother and natural guardian Christine Farrell.
[2] Mullinax was also named in the suit as a defendant.
[3] Alex had settled his claim against Hundley's automobile liability insurer, Progressive, which had policy limits of $50,000.00 per person/$100,000.00 per occurrence. Alex and Progressive settled for the per person policy limit amount of $50,000.00.
[4] We note that Nationwide concedes the fact that Alex is an insured under Nationwide's policy, as a resident relative of the Farrell household.
[5] This provision is in accordance with R.C. 3937.18, effective September 21, 2000, which allows for set-offs and allows insurance companies to include "anti-stacking" clauses in their policies. R.C.3937.18(A)(2), states, in relevant part, "[t]he policy limits of the underinsured motorist coverage shall be reduced by those amounts available for payment under all applicable bodily injury liability * * * insurance policies covering persons liable to the insured."