DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, St. Paul Fire Marine Ins. Co. and St. Paul Mercury Ins. Co. ("St. Paul"), and Zurich American Insurance Co. ("Zurich"), appeal from the order of the Summit County Court of Common Pleas which determined that Appellants breached their contracts with Appellee, the Flood Co., and were liable for reimbursement of Appellee's legal fees. For the reasons stated below, we reverse and remand for further proceedings.
 {¶ 2} On January 31, 2002, Appellee filed a complaint against St. Paul, Zurich, Northfield Insurance Co. ("Northfield'), Cardinal Casualty Co. ("Cardinal"), and United National Insurance Co. ("United National") seeking a declaratory judgment that Appellants failed to adequately defend Appellee in Phillips v.Benjamin Co., Harrison County, Texas, Case No. 01-0464. Thereafter, Appellee amended the complaint and asserted an additional claim for breach of contract.
 {¶ 3} Appellee then filed a motion for partial summary judgment seeking a determination that the insurers owed a duty to defend. St. Paul filed a cross-motion for summary judgment in which it acknowledged the duty to defend but argued that the duty had been fulfilled. St. Paul further argued that it was not responsible for unauthorized work performed by unapproved counsel, namely Hanna, Campbell Powell ("HCP").
 {¶ 4} On April 9, 2003, the trial court issued an order in which it determined that each insurer had the duty to defend Appellee in the Phillips litigation.[1] The court also determined that St. Paul was not obligated to cover Appellee's legal fees associated with the prosecution of the instant matter nor the fees expended by HCP to defend Appellee in the Phillips
litigation. The breach of contract and bad faith claims remained pending.
 {¶ 5} Numerous motions were then filed by the parties. Those with significance to this appeal were St. Paul's motion for summary judgment on all remaining issues and motion for determination that they did not have to pay Appellee for services provided by HCP, and Appellee's motion for reconsideration and motion to compel discovery from St. Paul. On June 13, 2003, the court denied St. Paul's requests and granted Appellee's motions. Specifically, the court found that Appellee was entitled to recover both the attorney fees and expenses of HCP in assisting with the defense of the Phillips litigation, and also those incurred in the pending breach of contract action.
 {¶ 6} Thereafter, Zurich filed a motion a for reconsideration of the court's June 13, 2003 order, or in the alternative, a motion for Civ.R. 54(B) certification. On July 25, 2003, the trial court denied Zurich's motion for reconsideration. However, it granted the motion for Civ.R. 54(B) certification and held that the "June 13, 200[3] [o]rder is a final appealable order and that there is no just cause for delay." It is from this decision that Appellants have appealed. Zurich has asserted one assignment of error and St. Paul has asserted four assignments of error for review.
ZURICH'S ASSIGNMENT OF ERROR
"The trial court did not have authority to grant summary judgment to [Appellee] on its breach of contract claim, as [Appellee] did not seek summary judgment on that cause of action."
 ST. PAUL'S ASSIGNMENT OF ERROR I
"The trial court erred in reversing its prior order and ruling that St. Paul breached its contracts, even though it had paid every defense invoice that [Appellee] had submitted and fully funded a settlement on [Appellee's] behalf."
 {¶ 7} In its sole assignment of error, Zurich contests the trial court's award of summary judgment on Appellee's breach of contract claim. Specifically, Zurich maintains that as Appellee did not seek summary judgment on its breach of contract claim, the court was without authority to grant summary judgment on that particular issue. Similarly, St. Paul asserts error to the trial court's determination that it breached its contracts with Appellee. For the reasons indicated below, we agree with Appellants' assertions.
 {¶ 8} In order to obtain relief from a non-final order, a party may file a motion for reconsideration with the trial court.Helman v. EPL Prolong, Inc. (2000), 139 Ohio App.3d 231, 240, citing Pitts v. Ohio Dept. of Transp. (1981),67 Ohio St.2d 378, 380. See, also, Findlay Ford Lincoln-Mercury v. Huffman, 3rd. Dist. No. 5-02-67, 2004-Ohio-541, at ¶ 31; Beck-DurrellCreative Dept., Inc. v. Imaging Power, Inc., 10th Dist. No. 02AP-281, 2002-Ohio-5908, at ¶ 9. Civ.R. 54(B) allows for the reconsideration of interlocutory orders and states that they are "subject to revision at any time before the entry of judgment adjudicating the claims and the rights and liabilities of all the parties." See, also, Pitts, 67 Ohio St.2d at 380, fn 1. A trial court has the discretion to entertain such motions. Helman,139 Ohio App.3d at 241, quoting LaBarbera v. Batsch (1962),117 Ohio App. 273, 276. See, also, In re Grand Jury Subpoena DucesTecum, 4th Dist. No. 01CA55, 2002-Ohio-5600, at ¶ 8. The court's determination of a motion for reconsideration will not be disturbed on appeal absent an abuse of discretion. Helman,139 Ohio App.3d at 241. An abuse of discretion is more than an error of law or judgment and implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Furthermore, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v.Ohio State Med. Bd., 66 Ohio St.3d 619, 621, 1993-Ohio-122.
 {¶ 9} In the present matter, Appellee filed a partial motion for summary judgment and sought a declaration that each insurer was obligated to defend Appellee in the Phillips matter. Specifically, Appellee maintained that it was "entitled to a judgment declaring that it is entitled to a complete defense from [Appellants] plus an award of attorney fees it has expended to date in defending the Phillips suit and in prosecuting this declaratory judgment proceeding." No mention of the breach of contract claim was made. Appellee further reiterated this fact in a later filed memorandum, "[Appellee's] motion for partial summary judgment went solely to the issue of the insurer's duty to defend. It did not in any way address or seek summary judgment on the breach of contract claims[.]" (Emphasis in original.)
 {¶ 10} In an order dated April 9, 2003, the trial court granted Appellee's motion for partial summary judgment, and concluded that the insurance companies each had the duty to defend Appellee in the Phillips litigation. The court indicated that Appellee's motion "pertain[ed] solely to the issue of the duty to defend[,]" and acknowledged that the duty to defend is separate and distinct from the duty to indemnify. The court then determined that "St. Paul [was] not obligated to cover the expenses incurred by [HCP] in either the Phillips litigation or the within matter [or] the legal expenses incurred by [Appellee] in the within matter." Lastly, the court expressly stated that "[a]ny issues of bad faith and breach of contract * * * are still pending[.]"
 {¶ 11} Thereafter, Appellee filed a motion for reconsideration of the trial court's April 9, 2003 order accompanied with additional evidence concerning Appellee's legal fees. Appellee requested the court to "reconsider its rulings regarding [Appellee's] right to recover attorney fees * * * for defending the Phillips suit and that it incurred in this action to enforce its rights under its insurance contracts." In its memorandum in support of reconsideration, Appellee relied on case law regarding breach of contract damages when asserting its entitlement to attorney fees.
 {¶ 12} The court took the matter under advisement and issued a subsequent ruling on June 13, 2003. In this order, although the court expressly notes, in more than one instance, that the April 9, 2003 order "solely addressed the duty to defend issue[,]" it then determined that "[Appellee] [was] entitled to recover its attorneys' fees and expenses that were necessitated by the insurers breach of their contractual duty to defend [Appellee]." (Emphasis added.) However, the breach of contract claim was one of the two issues that the trial court indicated was not determined by the April 9, 2003 order. Appellee filed a motion for reconsideration of that particular order; a new motion for summary judgment based upon the breach of contract claim was never filed. Moreover, if the trial court construed or converted Appellee's motion for reconsideration into a second motion for summary judgment, the parties were entitled to receive notice so that they would be afforded a reasonable opportunity to present Civ.R. 56 evidentiary materials. See State ex rel. Baran v.Fuerst (1990), 55 Ohio St.3d 94, 97; Petrey v. Simon (1983),4 Ohio St.3d 154, paragraph two of the syllabus (finding that when a court converts a Civ.R. 12(B)(6) motion into a summary judgment motion, it must notify the parties); Keller Electric, Inc. v.Gilbert (Apr. 17, 1996), 9th Dist. No. 17467, at 5 (stating that "[b]efore a trial court may convert a motion to dismiss * * * into a motion for summary judgment, Civ.R. 12(B) demands actual notice to the parties and an opportunity to respond"). There is nothing in the record to indicate that the court converted the motion into a motion for summary judgment. As a court "may not sua sponte grant summary judgment premised on issues not raised by the parties[,]" we find that the court abused its discretion when concluding that Appellees were entitled to attorney fees "necessitated by the insurers breach of their contractual duty to defend[.]" See Eller v. Continental Investment Partnership,151 Ohio App.3d 729, 2003-Ohio-894, at ¶ 16, citing Intagliata v.Lightning Rod Mut. Ins. Co. (Dec. 11, 1992), 6th. Dist. No. L-92-112; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, syllabus (holding that "[a] party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond"). Accordingly, Zurich's sole assignment of error and St. Paul's first assignment of error are sustained.
 ST. PAUL'S ASSIGNMENT OF ERROR III
"The trial court erred in its April 9[,] [2003] order in determining that [St. Paul's] claims-made contracts from 1988-1994 covered [Appellee] for the Phillips action."
 {¶ 13} In light of the disposition of Zurich's sole assignment of error and St. Paul's first assignment of error, St. Paul's third assignment of error will not be addressed as it has been rendered moot. See App.R. 12(A)(1)(c).
 ST. PAUL'S ASSIGNMENT OF ERROR II
"The trial court erred in denying St. Paul's motion for summary judgment that it had no obligation to pay for a second, unapproved defense firm."
 ST. PAUL'S ASSIGNMENT OF ERROR IV
"The trial court erred in denying St. Paul's motion for summary judgment on all remaining issues and granting [Appellee's] motion to compel bad faith discovery."
 {¶ 14} The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV. For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, must be satisfied. Chef Italiano Corp. v. Kent StateUniv. (1989), 44 Ohio St.3d 86, 88. We are mindful that the use of Civ.R. 54(B) language "does not turn an otherwise non-final order into a final appealable order." Noble v. Colwell (1989),44 Ohio St.3d 92, 96.
 {¶ 15} Generally, the denial of a motion for summary judgment is not a final, appealable order. Benson v. Akron (Jan. 20, 1999), 9th Dist. No. 19076, at 2; State ex rel. Overmeyer v.Walinski (1966), 8 Ohio St.2d 23, 23. See, also, Johnson v.Hundley, 9th Dist. No. 21402, 2003-Ohio-6812, at ¶ 12. However, pursuant to R.C. 2505.02, "an order that affects a substantial right made in a special proceeding" is a final order for purposes of appeal. Doute v. Emig (May 19, 1993), 3rd Dist. No. 1-93-6. Declaratory judgment actions are considered special proceedings, and "an order granting summary judgment as to an insurer's duty to defend has been held to affect a substantial right[,]" and is thus final and appealable. Id.
 {¶ 16} We note, however, that the June 13, 2003 order that denies St. Paul's motion for summary judgment, does not decide the issue of the insurance companys' duty to defend. That issue was addressed in the court's April 9, 2003 order. The judgment Appellants are appealing from was entered in an action where Appellee not only sought declaratory judgment, but also alleged claims of breach of contract and bad faith. The June 13, 2003 order of the trial court has not affected the duty to defend, the perceived substantial right in this matter. See Chubb Group ofInsurance Cos. v. Guyuron (Dec. 14, 1995), 8th Dist. No. 68468. Moreover,
"[t]he overruling of a motion for summary judgment in a special proceeding cannot be `an order affecting a substantial right made in a special proceeding,' as that phrase is used in [R.C.2505.02,] because, in effect, it constitutes a refusal to make an order rather than the making of an order." Id. quoting Swansonv. Ridge Tool Co. (1961), 113 Ohio App. 357, paragraph two of the syllabus.
 {¶ 17} Accordingly, we do not have jurisdiction to decide the merits of St. Paul's appeal that addresses the trial court's denial of its motions for summary judgment. See Johnson at ¶ 12.
 {¶ 18} Zurich's sole assignment of error and St. Paul's first assignment of error are sustained. The remaining assignments of error have not been addressed on the merits. The order of the Summit County Court of Common Pleas is reversed and cause remanded for further proceedings.
Judgment reversed and cause remanded.
Carr, P.J. and Whitmore, J. concur.
[1] On May 12, 2003, Northfield and United National were voluntarily dismissed from this matter.