DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Akron Group Services, Inc. and W.F. Resources, Inc., dba Snelling Personnel Services, appeal the order of the Summit County Court of Common Pleas, which granted summary judgment in favor of appellees, Snider-Blake Business Services, Inc.; Snider-Blake Akron, Inc.; Judy Nystrom; and Joanna Pavlovich.[1] This Court affirms.
 I. {¶ 2} Appellants and appellees are in the business of providing temporary staff to other businesses. Appellants were providing staff for Patron Plastics, Inc. ("Patron")[2] when appellees and Patron arranged for appellees to provide all necessary temporary employees for Patron. Appellants' temporary employees who were working at Patron were informed that either they must fill out applications to work for appellees to continue working at Patron, or they must return to appellants for placement at another business, because appellees would be the sole temporary employee provider for Patron.
 {¶ 3} Appellants filed a complaint, alleging breach of contract by Patron (count I); conspiracy by appellees and Patron to tortiously interfere with the employment contract between appellants and their temporary employees (count II); conspiracy by appellees and Patron to tortiously interfere with the contract between appellants and Patron (count III); and conspiracy by appellees and Patron to misappropriate appellants' trade secrets (count IV). Appellees filed a motion to dismiss pursuant to Civ.R. 12(B)(6), and Patron filed a motion for judgment on the pleadings. Appellants responded.
 {¶ 4} On November 29, 2001, the trial court issued an order denying appellees' and Patron's motions regarding count II; denying appellees' motion to dismiss regarding count III, but granting Patron's motion for judgment on the pleadings on the same count; and granting appellees' and Patron's motions regarding count IV.
 {¶ 5} The matter proceeded for more than a year, during which time the parties engaged in discovery and discovery disputes.
 {¶ 6} On March 19, 2003, appellants filed an amended complaint, alleging breach of contract by Patron (count I); conspiracy by appellees and Patron to tortiously interfere with appellants' employment contracts with their temporary employees (count II); conspiracy by appellees and Patron to tortiously interfere with appellants' contractual and business relations with Patron (count III); and conspiracy by appellees and Patron to misappropriate appellants' trade secrets (count IV). This Court recognizes appellants' impropriety in realleging certain claims which the trial court already dismissed.
 {¶ 7} Appellees and Patron filed motions for summary judgment. Appellants filed responses in opposition and a motion for partial summary judgment regarding counts I, II, and III. The trial court denied appellants' motion for partial summary judgment; denied Patron's motion for summary judgment regarding amended count I; granted Patron's motion for summary judgment regarding amended count II; and granted appellees' motion for summary judgment regarding amended counts II and III, thereby dismissing all pending claims against appellees. Appellants timely appealed, raising two assignments of error for review.
 II. ASSIGNMENT OF ERROR I
"IT WAS PREJUDICIAL ERROR TO GRANT SUMMARY JUDGMENT TO DEFENDANTS SNIDER-BLAKE AND INDIVIDUAL DEFENDANTS FORESTAL, McCABE, PAVLOVICH, AND NYSTROM."
 {¶ 8} Appellants argue that the trial court erred by granting summary judgment in favor of appellees, Matt Forestal and Peter McCabe.[3] This Court disagrees.
 {¶ 9} This Court reviews an award of summary judgment de novo. Graftonv. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983),13 Ohio App.3d 7, 12.
 {¶ 10} Pursuant to Civ.R. 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 11} To prevail on a motion for summary judgment, the party moving for summary judgment must be able to point to evidentiary materials that show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293. Once a moving party satisfies its burden of supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated for trial. State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 449.
 {¶ 12} On appeal, although appellants recite in their statement of facts the blanket statement that "Snider-Blake and Patron Conspire to Steal Snelling's Workers[,]" appellants confine their argument to the issue of appellees' tortious interference with contract. Appellants do not set forth any law or make any argument regarding the alleged conspiracy between appellees, Patron and Matt Forestal. App.R. 16(A)(7). Accordingly, this Court confines its analysis to the issue of appellees' tortious interference with appellants' alleged contracts with their temporary employees and with Patron.
 {¶ 13} To prevail on a claim for tortious interference with contract, appellants must be able to establish the following:
"(1) the existence of a contract,
"(2) the wrongdoer's knowledge of the contract,
"(3) the wrongdoer's intentional procurement of the contract's breach,
"(4) lack of justification, and
"(5) resulting damages." (Paragraph breaks added.) Kenty v.Transamerica Premium Ins. Co. (1995), 72 Ohio St.3d 415, 419.
"Establishment of the fourth element of the tort of tortious interference with contract, lack of justification, requires proof that the defendant's interference with another's contract was improper. (Kentyv. Transamerica Premium Ins. Co. (1995), 72 Ohio St.3d 415, affirmed and followed.)
"In determining whether an actor has acted improperly in interfering with a contract or prospective contract of another, consideration should be given to the following factors: (a) the nature of the actor's conduct, (b) the actor's motive, (c) the interests of the other with which the actor's conduct interferes, (d) the interests sought to be advanced by the actor, (e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other, (f) the proximity or remoteness of the actor's conduct to the interference, and (g) the relations between the parties. (Restatement of the Law 2d, Torts (1979), Section 767, adopted.)" Fred Siegel Co., L.P.A. v. Arter Hadden (1999), 85 Ohio St.3d 171, paragraphs two and three of the syllabus.
Interference with contract between appellants and their temporaryemployees.
 {¶ 14} In their motion for summary judgment, appellees argue that they were not aware that appellants had a contract with the temporary employees whom they placed for employment at Patron.
 {¶ 15} Although Joanna Pavlovich, sales representative for Snider-Blake, testified at deposition that she was aware that appellants were placing temporary employees at Patron, when Patron informed her that it wanted to terminate that business relationship, there is no evidence that Ms. Pavlovich was aware of any exclusive contractual relationship between appellants and their temporary employees. She averred in her affidavit that it is her experience "in the temporary services industry that personnel assigned to temporary positions are at-will employees of the temporary service providers employing them." Ms. Pavlovich further averred that no one, including the on-site Patron temporary employees themselves, informed her that they were anything other than at-will employees of appellants.
 {¶ 16} Judy Nystrom, sales and personnel manager for Snider-Blake, also testified at deposition that she was aware that Patron was using appellants' temporary employees at the time that Ms. Pavlovich began soliciting Patron's business. Like Ms. Pavlovich, Ms. Nystrom also averred in her affidavit that her experience in the temporary services industry led her to believe that "personnel assigned to temporary positions are at-will employees of the temporary service providers employing them." She likewise averred that none of the temporary employees on-site at Patron, nor anyone else, indicated to her that they were anything other that at-will employees of appellants.
 {¶ 17} Peter McCabe, Secretary/Treasurer for Snider-Blake, testified that he would consider temporary employees to be Snider-Blake employees whenever they showed up for a placement job and worked that job, as facilitated by Snider-Blake. Mr. McCabe expressly testified, however, that he has no kind of contract which he requires Snider-Blake temporary employees to sign.
 {¶ 18} Ken White, appellants' employee, averred in affidavit that all of his temporary employees were required to sign a document entitled "Expectations." Mr. White averred that the document evidenced his employees' agreement to be bound by appellants' expectations. The document further set forth what the employees could expect from appellants in exchange for their work, and set forth situations in which appellants might terminate the temporary employees.
 {¶ 19} Appellees appended a copy of appellants' "Expectations" document to their motion for summary judgment. The document expressly states:
"Please call by the end of the business day following the date of application to determine whether your application for employment has been accepted. We employ only those individuals who can pass our screening process and represent Snelling Personnel Services professionally."
 {¶ 20} The "Expectations" document, by its plain language, evidences no employment relationship between appellants and the prospective temporary employee, because the prospective employee's application for employment would not have been accepted at the time of presentation of the "Expectations" document. Even assuming arguendo that the "Expectations" document would constitute an employment contract between appellants and their temporary employees, appellants have produced no "Expectations" documents which were signed by any of their temporary employees, nor have they identified by name any temporary employee whom they placed at Patron who signed the document.
 {¶ 21} Appellants have failed to present any evidence to demonstrate that appellees may have been aware of any contract between appellants and their temporary employees. Accordingly, appellants have failed to meet their reciprocal burden to overcome the evidence presented by appellees to demonstrate that a genuine triable issue remains to be litigated. SeeZimmerman, 75 Ohio St.3d at 449.
 {¶ 22} Because there is no evidence that appellees were aware of any contract between appellants and their temporary employees, this Court finds that no genuine issues of material fact exist in that regard, and appellees are entitled to judgment as a matter of law. Accordingly, the trial court did not err in granting summary judgment in favor of appellees in regard to count II.
Interference with contract between appellants and Patron.
 {¶ 23} Appellants argue that the trial court erred by granting summary judgment to appellees in regard to the claim of tortious interference with contract between appellants and Patron. This Court again analyzes the matter in terms of the following. To prevail on a claim for tortious interference with contract, appellants must be able to establish the following:
"(1) the existence of a contract,
"(2) the wrongdoer's knowledge of the contract,
"(3) the wrongdoer's intentional procurement of the contract's breach,
"(4) lack of justification, and
"(5) resulting damages." (Paragraph breaks added.) Kenty,72 Ohio St.3d at 419.
 {¶ 24} Although appellees argued in their motion for summary judgment that appellants had no contract with Patron, they concede in their appellate brief that "in a light most favorable to Appellants, the issue of whether there was, or was not, a contract between Patron and Appellants was, at best, open to question." This Court agrees. Although appellants have been unable to produce a written contract, Brian Keith of Snelling Personnel-Fairlawn averred in affidavit that a client agreement (contract) was provided to Matthew Forestal of Patron for review and execution. Mr. Keith averred that the client agreement, in which Snelling Personnel-Fairlawn was to provide Patron with temporary employees from August 9, 2000 to February 9, 2001, accurately reflects the verbal contract between those parties. Mr. Keith further averred that, in October 2000, Snelling Personnel-Fairlawn assigned its interests in the contract to Snelling Personnel-Akron/Canton. Mr. Keith swore that Mr. Forestal agreed to the assignment of rights and interests. Accordingly, a question of fact exists regarding the existence of a contract between appellants and Patron.
 {¶ 25} Appellees presented evidence in support of their motion for summary judgment by way of Ken White's deposition testimony, wherein he asserted that he did nothing to make appellees aware of any contract between appellants and Patron until after Patron notified him that they had entered into a contract with appellees for the exclusive provision of temporary workers.
 {¶ 26} Ms. Nystrom averred in her affidavit that, while she understood that several service companies were providing temporary service employees to Patron at the time appellees began to solicit Patron's business, she had no knowledge that any of those companies had contracts with Patron for the placement of temporary employees. Ms. Nystrom further averred that, in her experience in the temporary services industry, customers like Patron typically decline to sign contractual agreements with temporary service providers because of the competitive nature of the temporary service provider industry. In substance, Ms. Nystrom averred that there are advantages to customers to remain free to seek temporary employees with different service providers.
 {¶ 27} In addition, Ms. Pavlovich averred in her affidavit that she shared Ms. Nystom's general understandings and that she was not aware of any contractual relationship between appellants and Patron.
 {¶ 28} Again, appellants presented no evidence to indicate that appellees might have known of any contract between appellants and Patron. Accordingly, appellants have failed to present any evidence to overcome their reciprocal burden of demonstrating that any genuine triable issues remain to be litigated. See Zimmerman, 75 Ohio St.3d at 449.
 {¶ 29} Because there is no evidence that appellees were aware of any contract between appellants and Patron for the provision of temporary employees, this Court finds that no genuine issue of material fact exists in that regard, and appellees are entitled to judgment as a matter of law. Accordingly, the trial court did not err in granting summary judgment in favor of appellees in regard to count III.
 {¶ 30} Appellants' first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"IT WAS PREJUDICIAL ERROR TO DENY PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY AS TO DEFENDANT SNIDER-BLAKE."
 {¶ 31} Appellants argue that the trial court erred by denying their motion for partial summary judgment.
 {¶ 32} This Court stated in Flood Co. v. St. Paul Fire Marine Ins.Co., 9th Dist. Nos. 21679 and 21683, 2004-Ohio-1599, at ¶ 14:
"The Ohio Constitution limits an appellate court's jurisdiction to the review of final judgments of lower courts. Section 3(B)(2), Article IV, Ohio Constitution. For a judgment to be final and appealable, the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, must be satisfied. Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, 88. We are mindful that the use of Civ.R. 54(B) language `does not turn an otherwise non-final order into a final appealable order.' Noble v. Colwell (1989), 44 Ohio St.3d 92, 96."
 {¶ 33} Unless an order affects a substantial right made in a special proceeding, the trial court's denial of a motion for summary judgment is not a final, appealable order. Flood Co. at ¶ 15. Appellants' breach of contract and tort actions do not constitute special proceedings. Accordingly, the trial court's judgment denying appellants' motion for partial summary judgment does not constitute a final, appealable order. This Court, therefore, does not have jurisdiction to consider the merits of appellants' second assignment of error.
 III. {¶ 34} Appellants' first assignment of error is overruled. Appellants' second assignment of error has not been addressed on the merits. The judgment of the Summit County Court of Common Pleas, which granted summary judgment in favor of appellees against appellants, is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellants.
Exceptions.
Batchelder, J., Moore, J., Concur.
[1] Ms. Pavlovich has married since the initiation of this case, and is now known as Joanna Reese. For purposes of this appeal, this Court will continue to refer to her by her maiden name to maintain consistency with the pleadings.
[2] Patron Plastics, Inc. and Matt Forestal, Production Manager for Patron Plastics, Inc., were named as defendants below, but appellants put forth no specific argument in regard to them in their appellate brief.
[3] Appellants confine their argument in their appellate brief to issues involving appellees only and fail to argue error premised on the trial court's granting of summary judgment in favor of Patron Plastics, Inc. and Matt Forestal. Further, appellants fail to put forth any argument in regard to Peter McCabe. This Court finds such failure proper, because Peter McCabe was not named as an individual defendant in the case before the trial court. Therefore, this Court addresses appellants' assignments of error only as they relate to the granting of summary judgment in favor of the Snider-Blake entities, Judy Nystrom and Joanna Pavlovich.